IN THE COURT OF COMMON PLEAS
LICKING COUNTY, OHIO
GENERAL DIVISION

Ben Mackley
105 Carlingford Dr.
Granville, OH 43023

    Plaintiff,

v.

American Marketing
Group, Inc.
c/o Statutory Agent
Incorp Services, Inc.
9435 Waterstone Boulevard
Suite 140
Cincinnati, OH 45249

    Defendant.

CASE NUMBER:

CASE CATEGORY: 7 – OTHER

JUDGE: 23 CV 00 36

**JURY DEMANDED HEREIN**

2023 JAN 11 PM 3:33
OLIVIA C. PARKINSON
CLERK
CLERK COMMON
PLEAS COURT
LICKING CO. OHIO

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

**INTRODUCTION**

1. In April 2021, Plaintiff Ben Mackley ("Mr. Mackley") entered into a contract with Defendant American Marketing Group, Inc. ("American")[1], for the installation of a 16 ft x 32 ft, flat bottomed pool. Although the contract expressly provided that installation would normally occur between 30 – 45 days (exclusive of adverse weather conditions), American did not begin installation of the pool until November 30, 2021. Installation was not completed until December 7, 2021. Subsequent to that date, it was discovered that the pool was not flat and

---

[1] American entered into the Contract through the fictitious trade name of Kayak Pools Midwest, as explained below.

1

level and the bottom of the pool had divots and footprints scattered throughout. Mr. Mackley tried to get American to come and fix the pool, but American declined. Consequently, Mr. Mackley must bring this action to be made whole.

## PARTIES

2. Defendant American Marketing Group, Inc., is a foreign corporation that, at times, has been licensed to do business in the State of Ohio with its principal place of business located at 845 E. 65th Street, Indianapolis, IN.

3. Plaintiff Ben Mackley is an Ohio resident who resides at 105 Carlingford Dr., Granville, Licking County, OH 43023.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to R.C. 1345.04 and R.C. 2305.01.

5. Venue is proper in this court pursuant to Civ. R. 3(C)(3) and (5) because American's conduct occurred in Licking County and the subject property in this case is located in Licking County.

## GENERAL ALLEGATIONS

### American's Corporate and Trade Name History

6. Kayak Pools Midwest, Inc., was incorporated in the State of Indiana on June 22, 1994.

7. On August 19, 1997, Kayak Pools Midwest, Inc. received a license to transact business in the State of Ohio.

8. On September 6, 2011, Kayak Pools Midwest, Inc. notified the Ohio Secretary of State's office that it had changed its business name to American Marketing Group, Inc. ("American") with its principal place of business located at 845 E. 65th Street, Indianapolis, IN.

9. On September 6, 2011, American registered the fictitious trade name Kayak Pools Midwest ("Kayak") with the Ohio Secretary of State's office.

10. On May 5, 2021, the Ohio Secretary of State's office sent a letter to American, informing it that its fictitious trade name registration for Kayak was about to expire and a renewal period of five years was available.

11. On September 13, 2021, the Ohio Secretary of State's office informed American that its Kayak trade name was cancelled.

12. As of the filing of this complaint, Kayak's trade name has not been renewed in Ohio.

13. On October 27, 2021, the Ohio Secretary of State's office sent a letter to American, informing American that its statutory agent had resigned and that American needed to designate a new statutory agent within 30 days or its license to transact business in Ohio would be cancelled.

14. On December 29, 2021, the Ohio Secretary of State cancelled American's license to transact business in the State of Ohio.

15. On May 12, 2022, the Ohio Secretary of State reinstated American's license to transact business in the State of Ohio because American provided a new statutory agent, Incorp Services, Inc., 9435 Waterstone Boulevard Suite 140, Cincinnati, OH.

16. From December 29, 2021 to May 12, 2022, American illegally transacted business in the State of Ohio.

17. From September 13, 2021 to the present, Kayak Pools Midwest has not been a legally registered fictitious trade name in the State of Ohio.

### History of the Contract

18. On April 13, 2021, Mr. Mackley entered into a contract with American for the installation of a 16 ft x 32 ft, flat bottomed pool (the "Contract").

19. A true and accurate copy of the Contract is attached hereto as Exhibit A.

20. American's Contract was on Kayak Pools Midwest letterhead.

3

21. American's Contract was prepared by American or Kayak or someone acting on their behalf.

22. American's Contract shows that Mr. Mackley made an initial deposit of $13,750.00 on April 16, 2021.

23. Mr. Mackley made an additional payment of $40,775.00 to American on October 13, 2021.

24. The flat bottomed pool was to be used for Mr. Mackley's personal use.

25. American's Contract expressly provided as follows: "Installation normally occurs within 30-45 business days, after all necessary paperwork, financing arrangements, and permits have been finalized, excluding weather conditions and any major unforeseen circumstances."

26. American's Contract expressly provided the following: "WE ALSO SPECIFICALLY DENY AND DISCLAIM ANY IMPLIED WARRANTIES WHETHER AS TO MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ANY OTHER MATTER. IF YOUR POOL OR ANY ITEM IS MANUFACTURED BY SOMEONE OTHER THAN KAYAK POOLS MIDWEST, ONLY THAT PERSON WILL BE LIABLE UNDER ANY WARRANTY MADE BY THAT PERSON."

27. On May 4, 2021, American provided Mr. Mackley with a copy of a "check list" for the installation of the pool.

28. A true and accurate copy of the checklist is attached hereto as Exhibit B.

29. American's checklist was on Kayak Pools Midwest letterhead.

30. American's checklist was prepared by Kayak or American or someone acting on their behalf.

31. American's checklist provides that it must be signed and returned before installation could proceed.

32. American's checklist provides that "Installer will be responsible for reasonable leveling of the ground."

4

33. American's checklist does not identify the "installer."

34. American's checklist provides that the installer "will need clean mason sand on site the day of installation to do the floor of the pool."

35. American's checklist provides that Mr. Mackley's electrician "will need to bond the pool, or if we are doing the backfill, we will bond the pool during installation."

36. In the "timeline details" section of American's checklist, it provides in item #1 that American's "installer will contact you within 72 hours to schedule your installation date."

37. American's installer did not contact Mr. Mackley within 72 hours of installing the pool.

38. In the "timeline details" section of American's checklist, it provides in item #2 that American will give Mr. Mackley "a four hour window of time" to deliver the pool.

39. American did not provide Mr. Mackley with a four hour window of time when it delivered the pool.

40. In the section of American's checklist that is identified as "Please review and initial each of the following and return with the checklist packet" for item #7, it provides the following: "Backfilling directly against the water wall will void the wall warranty. It is required that you place ¾" treated plywood or reasonable facsimile up against the studs and then backfill. YOU MUST BACKFILL WITH PLAIN DIRT ONLY! Please adhere to the pictures we have provided you showing the correct method to backfill."

41. American never provided Mr. Mackley with a "wall warranty" or with "pictures" showing the correct method to backfill.

42. American's Contract provided that American would "excavate and level the ground on which your pool will be installed."

43. American did not level the ground on which the pool was installed.

5

44. From May 2021 to November 2021, Mr. Mackley made repeated phone calls and sent text messages and emails to American in an effort to learn when the pool would be installed.

45. American repeatedly ignored Mr. Mackley's phone calls, text messages and emails.

46. American did not begin installation of the pool until November 30, 2021.

47. Installation was not completed until December 7, 2021 and it was not a proper installation as the pool was not level.

48. Mr. Mackley asked American to come and fix the pool after he discovered the pool was not level, but American declined.

49. American did not provide Mr. Mackley with an estimated timeline to complete the pool installation.

50. American's Contract failed to provide Mr. Mackley with any list or document that contained the costs of materials, the cost of labor, a statement of whether the materials American was using were new or used, or the identity of the individuals who would be performing the work.

51. American failed to complete the proper installation of the pool, update Mr. Mackley, or refund Mr. Mackley's down payment within 8 weeks of Mr. Mackley and American entering into the Contract.

52. American performed shoddy and unworkmanlike work on Mr. Mackley's pool.

53. Mr. Mackley demanded that American fix its shoddy work and complete the pool installation.

54. American did not fix its shoddy work and it did not properly complete the pool installation.

55. Over several months, American engaged in a pattern or practice of unprofessional, shoddy, and exceedingly unworkmanlike conduct.

56. To date, American has not fixed the pool.

57. As a result of American's actions, Mr. Mackley did not receive the benefit of his bargain under the Agreement.

58. As a result of American's actions, it will cost a significant amount to repair the pool to the condition as promised under the Agreement.

59. As a result of American's actions, Mr. Mackley suffered anxiety, stress, frustration, lack of sleep, and worry.

60. Pursuant to Civ. R. 8(A), Mr. Mackley seeks damages in excess of $25,000.00.

## COUNT ONE – CONSUMER SALES PRACTICES ACT

61. Mr. Mackley incorporates all other paragraphs in this Complaint by reference as though fully written here.

62. American is and was a **Supplier** under the meaning of R.C. § 1345.01(C) at all times relevant to this transaction.

63. American is and was a **Consumer** under the meaning of R.C. § 1345.01(D) at all times relevant to this transaction.

64. Mr. Mackley's transaction with American is and was a **Consumer Transaction** under the meaning of R.C. § 1345.01(A) at all times relevant to this transaction.

65. American was and is subject to Ohio's Consumer Sales Practices Act, O.R.C. § 1345.01, *et seq.* ("CSPA") at all times relevant to this transaction.

66. American's actions described herein are unfair, deceptive, and unconscionable acts and practices in violation of Ohio's Consumer Sales Practices Act, R.C. § 1345.01, *et seq.* ("CSPA") including at R.C. § 1345.02 and R.C. 1345.03.

64. American committed acts and practices that have been determined by the Courts of this State to violate R.C. 1345.02 or 1345.03. Said acts and practices were committed after such

7

decisions were made available for public inspection under R.C. 1345.05(A)(3) and include, but are not limited to the following:

a. American failed to perform services in a competent and workmanlike manner and then failed to take steps necessary to correct such defective work, including but not limited to, finishing work not completed, redoing sloppily done work, and replacing goods not suitable for the installation made. *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.*, 89CIV1123 (PIF No. 10000240);

b. Mr. Mackley purchased goods and services from American, who failed to deliver the goods or services as promised. *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.*, 89CIV1123 (PIF No. 10000240);

c. American advertised or promised prompt delivery and failed to take reasonable action to ensure prompt delivery. *State ex rel. Petro v. The Kid's Village Corp.*, Case No. 04-CVH-08-8255 (PIF No. 10002384);

d. American knowingly breached the Contract. *Hail Yeah, LLC; Justin Grant; Mark Fernandez*, Case No. 2017 CV 633 (PIF No. 3399);

e. American unlawfully retained the deposit it received from Mr. Mackley. *Hail Yeah, LLC; Justin Grant; Mark Fernandez*, Case No. 2017 CV 633 (PIF No. 3399).

f. American failed to complete the pool installation in a reasonable amount of time. *Hail Yeah, LLC; Justin Grant; Mark Fernandez*, Case No. 2017 CV 633 (PIF No. 3399);

g. American failed to fulfill the Contract in accordance with the representations and guarantees it made, both in writing and orally, including but not limited to, the failure to provide the services, repairs and refunds pursuant to those representations

8

and guarantees. *State ex rel. Brown v. Haupt; Lenix Fence Co.,* Case No. 73CV103621 (PIF No. 10000009);

h. American represented that Mr. Mackley was still bound by the Contract when American failed to honor the Contract within the time it specified. *State ex rel. Brown v. Haupt; Lenix Fence Co.,* Case No.73CV103621 (PIF No. 10000009);

i. American accepted money from Mr. Mackley for goods and services and allowed eight weeks to elapse without delivering the items, making a full refund, advising Mr. Mackley of the duration of the delay or offering a refund. *State ex rel. Petro v. The Kid's Village Corp.,* Case No. 04-CVH-08-8255 (PIF No. 10002384); *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.,* 89CIV1123 (PIF No. 10000240);

j. American accepted substantial payment from Mr. Mackley and failed to deliver the goods and services contracted for, and failed to return the payments to, Mr. Mackley without justification. *State ex rel. Petro v. American Eagle, Inc.,* CV2004-1067 (PIF No. 10002400);

k. American failed to return multiple customer service inquires from Mr. Mackley. *Hail Yeah, LLC; Justin Grant; Mark Fernandez,* Case No. 2017 CV 633 (PIF No. 3399);

l. American maintained a pattern of inefficient incompetence and continually stalled or evaded its legal obligations. *Hail Yeah, LLC; Justin Grant; Mark Fernandez,* Case No. 2017 CV 633 (PIF No. 3399); and,

m. American represented to Mr. Mackley that the pool installation had performance characteristics, or uses or benefits that it does not have, including, but not limited

9

to, that American's work would be done in a timely fashion, when it was not, and that the work would be done in a competent and workmanlike manner, when it was not. *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.,* 89CIV1123 (PIF No. 10000240).

65. American's actions described herein are unfair or deceptive acts and unconscionable practices in violation of the CSPA including pursuant to rules adopted by the Attorney General at Ohio Adm. Code 109:4-3-05, *et seq*. Said acts and practices were committed after such decisions were made available for public inspection under R.C. 1345.05(A)(3) and include, but are not limited to the following:

   a. American violated Ohio Adm. Code Section 109:4-3-05, *et seq.* because it did not refrain from acts and practices which violate the CSPA, in particular, those which violate the Failure to Deliver Rule, Ohio Adm. Code 109:4-3-09(A)(2). *In re Amish Traditions Distributing Inc.* (No. 535556) (PIF No. 3378);

   b. American failed to provide Mr. Mackley with a binding written estimate in the form required by Ohio Adm. Code Section 109:4-3-05(A). *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.,* 89CIV1123 (PIF No. 10000240);

   c. American failed to provide Mr. Mackley with an itemized list of the services it rendered including a list of the parts and materials it used, a statement of whether any of the parts or materials were used, remanufactured, or rebuilt, the costs of the parts and materials, the amount charged for labor, and the identity of the individuals performing the repairs or services as required by Ohio Adm. Code Section 109:4-3-05(D)(12). *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.,* 89CIV1123 (PIF No. 10000240); and,

d. American failed to provide Mr. Mackley with a deposit receipt advising Mr. Mackley of whether his deposit is refundable and, if so, under what conditions it is refundable, in violation of the Deposit Rule, Ohio Adm. Code Section 109:4-3-07(B). *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.,* 89CIV1123 (PIF No. 10000240).

66. American's actions described herein are unfair or deceptive acts and unconscionable practices in violation of the CSPA including at R.C. 1345.09(B) and 1345.05(B)(2) pursuant to rules adopted by the Attorney General at Ohio Adm. Code 109:4-3-05, *et seq*. Such violations include but are not limited to:

   a. American violated Ohio Adm. Code 109:4-3-09(A)(1) because it assured prompt delivery within 30 – 45 days yet it did not take reasonable action to ensure prompt delivery under the Contract.

   b. American violated Ohio Adm. Code 109:4-3-09(A)(2) as it accepted Mr. Mackley's payment for the pool installation and then permitted eight weeks to elapse without beginning the installation, making a full refund, or advising Mr. Mackley of the duration of the delay or offering him a refund.

   c. American violated Ohio Adm. Code 109:4-3-05(B) by failing to orally inform Mr. Mackley at the time of the initial face to face contact and prior to the commencement of any repair or service, of Mr. Mackley's right to receive a written or oral estimate and to provide him with a form which conforms to the requirements of Ohio Adm. Code 109:4-3-05(A)(1).

11

d. American violated Ohio Adm. Code 109:4-3-05(C)(1) by failing, upon the first contact with Mr. Mackley, to inform him orally of his right to receive an oral or written estimate of the anticipated cost of the repair or service.

e. American violated Ohio Adm. Code 109:4-3-05(D)(9) by representing to Mr. Mackley that repairs had been made or services had been performed when such was not the fact;

f. American violated Ohio Adm. Code 109:4-3-05(D)(12) by failing to provide Mr. Mackley with a written itemized list of repairs performed or services rendered, including a list of parts or materials and a statement of whether they are used, remanufactured, or rebuilt, if not new, and the cost thereof to him, the amount charged for labor, and the identity of the individual performing the repair or service.

g. American violated Ohio Adm. Code 109:4-3-05(D)(15) by failing, at the time of the signing or initialing of any document with Mr. Mackley, to provide Mr. Mackley with a copy of the document;

h. American violated Ohio Adm. Code 109:4-3-05(D)(16) by failing to disclose to Mr. Mackley prior to the commencement of any repair or service, that any part of the repair or service will be performed by a person other than the supplier or the supplier's employees if the supplier disclaims any warranty of the repair or service performed by that person, the nature of the repair or service which that person will perform, and if requested by the consumer, the identity of that person, and,

i. American violated Ohio Adm. Code 109:4-3-05(G) by failing to provide Mr. Mackley with a written quotation of the price at which the repair or service will be

12

performed, indicating that the quotation shall be binding upon the supplier for a period of five days.

67. American's actions described herein are unfair or deceptive acts and unconscionable practices in violation of the CSPA including pursuant to R.C. 1345.02 and 1345.03 and include, but are not limited to the following:

   a. American repeatedly told Mr. Mackley that it would complete the installation of the pool by a certain date, and then failed to complete the work by that date; and,

   b. American failed to give Mr. Mackley a receipt for any of the amounts Mr. Mackley paid to American after the initial deposit.

68. American knowingly committed unfair, deceptive, and unconscionable acts and practices.

69. As a result of American's unfair, deceptive and unconscionable acts and practices, Mr. Mackley has been damaged in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00).

70. As a result of American's unfair, deceptive and unconscionable acts and practices, Mr. Mackley suffered undue stress, anxiety, and embarrassment.

71. American is also liable to Mr. Mackley for an amount to be determined in emotional distress including pursuant to R.C. § 1345.09(A) and (B), attorney's fees, and costs of this action.

72. Pursuant to R.C. § 1345.09(B), Mr. Mackley is entitled to three times the amount of his damages from American.

73. As a result of American's unfair, deceptive, and unconscionable acts and practices, Mr. Mackley has been damaged in an amount to be proven at trial exceeding $25,000.00.

**COUNT TWO – BREACH OF CONTRACT**

13

74. Mr. Mackley incorporates all other paragraphs in this Complaint by reference as though fully written here.

75. A valid enforceable contract existed between Mr. Mackley and American.

76. American breached the Agreement by its actions described in this Complaint.

77. American breached the Agreement, including but not limited to the following ways: by failing to install the pool in a timely manner according to the express terms and conditions of the Agreement.

78. Mr. Mackley satisfied all conditions precedent, if any, under the Agreement.

79. Mr. Mackley substantially performed his obligations under the Agreement.

80. Mr. Mackley paid what he was contractually obligated to pay under the Agreement but did not receive the benefit of the bargain, a properly installed swimming pool.

81. As a direct and proximate result of American's breach of the Agreement, Mr. Mackley has been damaged in an amount to be determined at trial including but not limited to, the cost to repair the pool, all amounts paid by Mr. Mackley under the Agreements as well as all consequential and incidental damages arising therefrom, , plus costs, expenses, interest and attorneys' fees incurred.

**COUNT THREE – UNJUST ENRICHMENT**

82. Mr. Mackley incorporates all other paragraphs in this Complaint by reference as though fully written here.

83. Mr. Mackley conferred a benefit on American by paying it $13,750.00 and $40,775.00 under the Contract.

84. American knew of and accepted the payments from Mr. Mackley.

14

85. American provided little to nothing of value to Mr. Mackley and caused damages to Mr. Mackley through its actions.

86. American's acceptance and retention of the benefit under the circumstances make it inequitable for American to retain the payment.

87. American was unjustly enriched by $13,750.00 and $40,775.00 and equity requires that American return the $13,750.00 and $40,775.00 plus interest that American improperly withheld from Mr. Mackley.

## COUNT FOUR – NEGLIGENCE

88. Mr. Mackley incorporates all other paragraphs in this Complaint as if completely rewritten here.

89. American owed Mr. Mackley a duty of care to install the pool in a workmanlike manner and using ordinary care.

90. American breached its duties by failing to properly complete the pool installation, failing to perform work on Mr. Mackley's pool in a workmanlike manner, and failing to use ordinary care during the pool installation.

91. American's actions and omissions were the proximate and actual cause of the damages to Mr. Mackley.

92. Mr. Mackley suffered foreseeable damages as a result of American's actions in an amount to be proven at trial.

## COUNT FIVE - NEGLIGENT SUPERVISION

93. Mr. Mackley incorporates all other paragraphs in this Complaint by reference as though fully written here.

94. American owed Mr. Mackley a duty to perform the pool installation, including the hiring, retention and supervision of its agents, and employees whom American engaged to work on Mr. Mackley's pool, including, but not limited to, overseeing, managing and supervising their performance, which misconduct was also intentional and/or reckless.

95. American engaged various employees which it knew were unqualified at the time of hiring and/or became known during the course of the pool installation.

96. As a direct and proximate result of the negligent hiring, retention and supervision by American, Mr. Mackley incurred damage.

97. As a result of said negligent conduct, Mr. Mackley is entitled to recover compensatory, punitive, consequential, and incidental damages in an amount to be determined at trial, as well as costs, expenses, and attorneys' fees incurred herein

## COUNT SIX – NEGLIGENT CONSTRUCTION

98. Mr. Mackley incorporates all other paragraphs in this Complaint by reference as though fully written here.

99. American is in the business of installing pools and related services to the general public in Ohio.

100. American owed Mr. Mackley a duty to use reasonable care in connection with the pool installation service provided by American.

101. American breached the duty owed to Mr. Mackley by failing to properly install the pool in accordance with the Agreement and industry standards under state and local building codes.

102. In the course of dealing with M. Mackley, American was negligent in the pool installation and such conduct fell below the requisite standards, and such failures were also intentional and/or reckless.

16

103. American was negligent and its failure to adhere to the Agreement and accepted standards of pool installation was a direct and proximate cause of the damages suffered by Mr. Mackley.

104. As a result of said negligent conduct, Mr. Mackley is entitled to recover compensatory, punitive, consequential and incidental damages in an amount to be determined at trial, as well as costs, expenses and attorneys' fees herein

## COUNT SEVEN – PROMISSORY ESTOPPEL

105. Mr. Mackley incorporates all other paragraphs in this Complaint by reference as though fully written here.

106. American made representations to Mr. Mackley regarding proper installation of the pool.

107. Specifically, American made the following representations to Mr. Mackley:

    a. It would complete installation within 30 – 45 days;

    b. It would properly install the pool;

    c. It would not use subcontractors to install the pool.

108. American did not live up to its representations to Mr. Mackley.

109. Mr. Mackley reasonably relied upon American's representations regarding the pool installation and Mr. Mackley was induced thereby to rely upon American's promises.

110. As a result of the foregoing conduct, American is liable to Mr. Mackley in an amount in excess of $25,000.00.

## COUNT EIGHT – BREACH OF WARRANTY

111. Mr. Mackley incorporates all other paragraphs in this Complaint by reference as though fully written here.

112. American breached express and implied warranties and warranties provided by law by failing to properly install the pool consistent with the terms and conditions of the Agreement.

113. As a direct and proximate result of American's breach of warranty, Mr. Mackley has been damaged in an amount to be determined at trial, plus punitive damages, costs, expenses, interest and attorney's fees incurred herein.

**WHEREFORE**, Mr. Mackley prays the Court grant him the following against American:

A. Award judgment for Mr. Mackley on all of his claims against American;

B. Issue a declaratory order holding that American's actions are violations of the CSPA and Ohio's Administrative Code;

C. Mail a copy of the declaratory judgment requested under paragraph B above to the Ohio Attorney General's Office pursuant to R.C. 1345.09(E);

D. Award Mr. Mackley actual damages in an amount to be determined at trial in excess of $13,750.00 and $40,775.00;

E. Award Mr. Mackley the maximum economic, non-economic, actual, emotional, general, other, and statutory damages sought under each Count;

F. Pursuant to Count One, award Mr. Mackley damages in an amount exceeding $13,750.00 and $40,775.00, including trebled damages, pursuant to R.C. 1345.09(B), costs and reasonable attorney fees including pursuant to R.C. 1345.09(F)(2);

G. Pursuant to Counts Two through Eight, award damages in favor of Mr. Mackley in an amount to be determined at trial plus interest and costs;

H. Pursuant to Counts Two through Eight, award Mr. Mackley damages in an amount exceeding $13,750.00 and $40,775.00 plus interest beginning from the time American first improperly withheld Mr. Mackley's money; and,

I. All other relief the Court deems fair and equitable.

Dated this 9th day of January, 2023.

Respectfully Submitted,

KOHL & COOK LAW FIRM, LLC

Respectfully,

*/s/ David G. Cox*

Sean M. Kohl (0086726)
Timothy J. Cook (0093538)
Andrew J. Gerling (0087605)
Brian A. Brown (0096733)
David G. Cox (0042724)
*Attorneys for Plaintiff*
1900 Bethel Road
Columbus, Ohio 43220
PH (614) 763-5111
FAX (937) 813-6057
sean@kohlcook.com
timothy@kohlcook.com
andrew@kohlcook.com
brian@kohlcook.com
gary@kohlcook.com

**JURY TRIAL DEMANDED**

Mr. Mackley respectfully requests a jury trial on all triable issues.

*/s/ David G. Cox*

David G. Cox (0042724)